1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  Federal Deposit Insurance Corporation, | CASE NO. 11-CV-2065-LAB-WMC |
| 12                                    Plaintiff, | **ORDER DENYING MOTION TO STAY** |
| 13       vs. | |
| 14  Imperial Capital Bancorp, Inc. and the Official Committee of Unsecured Creditors of Imperial Capital, | |
| 15                                    Defendants. | |

16

The FDIC initiated this action on September 6, 2011 to withdraw from the bankruptcy court the reference of two matters: (1) ICB's objection to a proof of claim filed by the FDIC in ICB's underlying bankruptcy proceeding; and (2) a motion by the Committee of Unsecured Creditors for permission to investigate and bring claims against ICB's former directors and officers on behalf of the bankruptcy estate.

The motion to withdraw the reference was previously filed with the bankruptcy court on August 12, 2011.  At the same time, the FDIC moved to stay the bankruptcy court's consideration of the two matters pending resolution of the withdrawal motion.  The bankruptcy court denied the FDIC's stay motion on September 20, 2011.  It also issued tentative substantive rulings on the matters at issue; those rulings were favorable to ICB and the Committee of Unsecured Creditors.  The bankruptcy court confirmed its tentative rulings in a minute order issued on September 22, 2011, and it issued more formal rulings on the

- 1 -

1   stay denial and the Committee of Unsecured Creditors' motion on October 6, 2011.

2           On October 5, 2011, after the bankruptcy court had denied the FDIC's request for

3   a stay and issued substantive rulings on the matters, the FDIC moved to stay the bankruptcy

4   court's rulings.  It is this motion that is now before the Court.  To avoid a lengthy submission

5   period, the Court calendared the motion for a hearing on Monday, November 21.  Having

6   reviewed the pleadings and considered the arguments of the parties, the Court is confident

7   that it can rule on the motion without oral argument.  The motion is **DENIED**.

8           The FDIC's stay motion rests on Federal Rule of Bankruptcy Procedure 5011(c),

9   which provides that a court — either the bankruptcy court or the district court — may stay

10  bankruptcy proceedings pending a motion to withdraw their reference to the bankruptcy

11  court.  The parties agree on the standard for granting a stay.  The FDIC must show that: (1)

12  it is likely to prevail on the merits of the withdrawal motion; (2) it is likely to suffer irreparable

13  harm if the motion is denied; (3) the debtor and the Committee of Unsecured Creditors will

14  not be harmed by a stay; and (4) the public interest will be served by granting a stay.

15          It is the first prong of this analysis — the likelihood of success on the merits — that

16  is fatal to the FDIC's stay motion.  The Court is familiar with the standards for withdrawal,

17  having previously ruled on the earlier withdrawal motion filed by the FDIC.  *See* 10-CV-1991,

18  Dkt. No. 22.  *Permissive* withdrawal requires a district court to consider "the efficient use of

19  judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the

20  prevention of forum shopping, and other related factors."  *Sec. Farms v. Int'l Bhd. of

21  Teamsters, Chauffers, Warehousemen*, 124 F.3d 999, 1008 (9th Cir. 1997).  *Mandatory*

22  withdrawal, on the other hand, is appropriate when the matter before the bankruptcy court

23  presents "substantial and material questions of federal law."  *Id.* at 1008 n.4.  *See also

24  Hawaiian Airlines, Inc. v. Mesa Air Group*, 355 B.R. 214, 222 (D. Hawaii 2006); *Holmes v.

25  Grubman*, 315 F.Supp.2d 1376, 1379 (M.D. Ga. 2004) (holding that "withdrawal is only

26  mandatory when complicated, interpretive issues are involved, especially with matters of first

27  impression or where there is a conflict between bankruptcy and other laws").  It is really

28  mandatory withdrawal that is at issue here; the Court would rarely be inclined to grant a stay

1  on the ground that it is likely to invoke permissive withdrawal to remove a matter from the

2  bankruptcy court.

3      The FDIC has not shown that the Court is *likely* to grant its motion to withdraw the

4  reference of the debtor's claim objection.  A resolution of the claim objection may well require

5  some consideration of the Banking Code, but it's simply not clear that this consideration will

6  rise to such a level that the objection must be withdrawn.  The FDIC argues in its withdrawal

7  motion that the claim objection is subject to the exclusive jurisdiction of this Court pursuant

8  to 12 U.S.C. § 1821(d)(13)(D), but that provision, on its face, applies to actions against the

9  assets of a bank for which the FDIC is a receiver, not claim objections filed by the debtor in

10  an underlying bankruptcy.

11      Likewise, the premise of the FDIC's motion to withdraw the Committee's request for

12  permission to investigate and bring claims against ICB's former directors and officers is that

13  those claims belong to the FDIC.  (*See* Dkt. No. 1 at 2–3.)  But, as the Committee argues,

14  that's more of an argument that goes to the merits of the Committee's request than  it is an

15  argument for mandatory withdrawal.  If the claims do belong to the FDIC, then of course that

16  triggers FIRREA's jurisdictional provisions, but the preliminary question of who the claims

17  belong to is not one that necessarily involves "substantial and material questions of federal

18  law" such that this Court must answer it.  Indeed, the Committee makes a plausible argument

19  that *state law* (here, the law of Delaware) determines whether the claims against the

20  directors and officers belong to the FDIC or the debtor's estate.

21      The Court also notes that the bankruptcy court, intimately familiar with the facts and

22  very competent in the relevant law, gave thorough consideration to the FDIC's stay motion

23  and denied it.  That denial does not lose any of its force simply because the court noted that

24  the FDIC could seek a stay from the district court.  (Dkt. No. 7-2 at Ex. C.)  The Court does

25  not intend by this Order to actually rule on the FDIC's withdrawal motion, or to suggest how

26  it might ultimately rule.  It only recognizes the potential merits of ICB's and the Committee's

27  arguments against withdrawal insofar as it finds that the FDIC has not shown it is likely to

28  prevail on the merits of the withdrawal motion, and that a stay of the bankruptcy court's

1   rulings is therefore warranted.  The Court will make every effort to rule on the pending

2   withdrawal motion in a timely manner.

3        **IT IS SO ORDERED**.

4   DATED:  November 17, 2011

5

6        **HONORABLE LARRY ALAN BURNS**
        United States District Judge

7